■ ROGER SOLER, Appellant, v LUBOV KLIMOVA et al., Respondents. [774 NYS2d 126]—

Order, Supreme Court, New York County (Marylin Diamond, J.), entered February 7, 2003, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a declaratory judgment, lifted a temporary restraining order (TRO), denied his request that defendants be held in contempt of court and granted defendants' cross motion to dismiss the amended complaint, unanimously affirmed, with costs.

Under the circumstances presented herein, the court properly treated defendants' motion for summary judgment as a motion to dismiss under CPLR 3211 (a) (1).

Although plaintiff argues that the 20% interest charge on a $20,000 promissory note was usurious, there is nothing in the record to support his claim that such a rate was ever charged. In fact, plaintiff himself used this amount in calculating the payoff on the balance due. After plaintiff assumed the 20% rate and then argued that it was usurious, the $192,406.67 balance he arrived at was actually less than the amount owed to defendants at that time under the terms of the promissory notes. Plaintiff owed $172,758.11 on three separate promissory notes ($100,000, $12,850 and $20,000), and signed an estoppel certificate and judgment by confession to that effect, thus precluding him from offering any setoffs or defenses against the loan balance (see Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 742 [1992]). The court correctly determined that a $20,000 interest payment over a 14-month period on a $172,758.11 loan was not usurious in violation of General Obligations Law §§ 5-501 and 5-511.

The cause of action for damages based on defendants' alleged violation of the TRO in failing to surrender the collateral held

to secure the lien, thus preventing plaintiff from selling his apartment, was properly dismissed. Actually, it was plaintiff who had violated the TRO by failing to deposit the full $192,406.67 into an escrow account; instead, only $180,081.69 was deposited, with an attempt to patch it together with a $39,000 guaranty earlier deposited in another escrow account. Concur—Buckley, P.J., Nardelli, Saxe and Marlow, JJ.